Hon. Richard F. Anderson, Jr. Town Attorney, Waterford
This is in response to your letter of June 14, 1978, in which you ask whether or not the Waterford Town Board may abolish the office of "chief of police" and replace "it with a part-time `public safety commissioner' who would be the ranking commanding officer of the police department, as well as the administrative and executive head of the police department."
In your letter you make reference to an informal opinion of this office rendered in 1975. That opinion concluded that, while the decision to establish a town police force was a discretionary act, once such a force was established, it was mandatory that the town establish the office of chief of police.
This opinion was rendered prior to the amendment of the Municipal Home Rule Law in 1976 by chapter 365 of the Laws of 1976. This amendment added subparagraph (3) to section 10, subd 1, par d of the Municipal Home Rule Law and provided that:
"d. A town:
* * *
 "(3) The amendment or supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law. Unless authorized by other state statute this subparagraph shall not be deemed to authorize supersession of a state statute relating to (1) a special or improvement district or an improvement area, (2) creation or alteration of areas of taxation, (3) authorization or abolition of mandatory and permissive referendum or (4) town finances as provided in article eight of the town law; provided, however that nothing set forth herein shall preclude the transfer or assignment of functions, powers and duties from one town officer or employee to another town officer or employee, and provided, however, further that the powers of local legislation and appropriation shall be exercised by the local legislative body." (Emphasis supplied.)
In Rozler v. Franger (61 A.D.2d 46 [4th Dept, 1978]), the constitutionality of section 10 (1) (e) (3) of the Municipal Home Rule Law was upheld. This particular subclause applies to villages, but its content is very similar to that of the above amendment applying to towns.
The court in Rozler upheld a local law of the Village of Lancaster which gave the village Board of Trustees "the power to appoint, supervise and terminate all departmental and nonelected officials and employees of the village." Previously, this authority had resided with the mayor.
In support of its decision, the court made reference to the Legislature's amendment of the Municipal Home Rule Law as it applied to towns by chapter 365 of the Laws of 1976 (the amendment under examination here); the expansive power given local governments to adopt and amend local laws under New York State Constitution, art IX, § 2, subd c; and a general philosophy of liberal construction in regard to laws granting home rule power.
This philosophy of liberal construction and expansiveness which is to be accorded to laws relating to local governments in the administration of their local affairs was also articulated by the Court of Appeals inResnick v. County of Ulster (44 N.Y.2d 279 [1978]).
The Resnick Court held that a county legislature may enact a local law providing that a vacancy in the office of county legislator, occurring otherwise than by expiration of term, may be filled by the county legislature. The Court in arriving at its decision noted that "[a]ll the changes made by the 1964 home rule amendment and its contemporaneously adopted implementing statute were expansive" and that "[t]he manifest intent was to encourage local governments to make a living document of the bill of rights for local governments (NY Const, art IX, § 1 [as amd 1964])." (Resnick, supra, p 286.)
At the conclusion of its opinion, the Court further offered these thoughts:
 "The home rule article and statutes receive their inspiration from the deeply felt belief that local problems should, so long as they do not impinge on affairs of the people of the State as a whole, be solved locally. * * * To invalidate the local laws because of the rationalizations urged upon us in these cases would be to take a step in the direction against which Cardozo warned when he observed that the home rule enactments `adopted by the people with much ado and after many years of agitation, will be another Statute of Uses, a form of words and little else, if the courts * * * ignore the new spirit that dictated their adoption.'" (Citation omitted.) (Resnick, supra, p 288.)
These decisions indicate a great deal of deference and impetus is to be given localities when they attempt to effectuate the philosophy and intent of the doctrine of home rule as expressed in the New York State Constitution and implemented by section 10 of the Municipal Home Rule Law. We feel the administration of a town police department is encompassed by the phrase "property, affairs or government of the town" and that within the statutory framework is not a matter of exclusive State concern. Thus it is our opinion that the Town of Waterford may establish the office of part-time "public safety commissioner" and transfer or assign to him the functions, powers and duties of the "chief of police" thereby rendering the "`public safety commissioner' * * * the ranking commanding officer of the police department, as well as the administrative and executive head of the police department." Naturally, this opinion is also predicated upon the assumption that the applicable portions of all other laws, such as the Civil Service Law, will be fully and faithfully complied with. Finally, it must be added that nothing herein is to be construed as the Attorney General's endorsement of the action which you contemplate; the wisdom of such a decision is solely for the Town Board in its discretion to determine.